UNITED STATES TRUST COMPANY, APPELLANT, *v.* THE
NEW YORK, WEST SHORE AND BUFFALO RAIL-
WAY COMPANY, DEFENDANT AND APPELLANT.

(WARREN CURRIER AND JAMES F. SUTTON, PETITIONERS
FOR APPOINMENT OF RECEIVER, RESPONDENTS.)

*Receivers of a corporation — in what district the application for the appointment must
be made — 1883, chap. 378 — to what receivers it applies.*

In this action, brought to foreclose a mortgage given by the defendant, a railroad
company, to the plaintiff, as a trustee for bondholders, a receiver of the prop-
erty covered by the mortgage was appointed upon an application made, upon
notice, at a Special Term of the Supreme Court held at Newburgh, in Orange
county, in the second judicial district. The principal office of the defendant
corporation being located in the first judicial district, it was claimed that the
order appointing the receiver was void as violating the provisions of chapter
378 of 1883, which requires every application for the appointment of a receiver
of a corporation to be made at a Special Term held in the judicial district in
which the principal business office of the corporation was located at the time
of the commencement of the action.

*Held,* that the objection to the order could not be sustained.

The act of 1883 relates only to statutory receivers appointed to wind up corpora-
tions and distribute their assets, not to receivers appointed, in actions for the
foreclosure of a mortgage, to hold the property and receive the profits thereof
until the entry of the final judgment.

APPEAL from an order, made at a Special Term held in the city
of New York, adjudging void an order appointing a receiver of the
defendant's property, made at a Special Term held at Newburgh,
in Orange county.

The order appealed from also appointed receivers of the property
of the defendant described in the mortgage, to foreclose which this
action was brought.

*William A. W. Stewart,* for the appellant.

*John L. Hill,* for the respondents.

DYKMAN, J.:

This action was commenced to foreclose a mortgage made by the
railway company to the plaintiff, as trustee, for the holders of bonds
secured thereby, and the venue is laid in Orange county. At the

commencement of the action an application was made on notice to the Special Term of the Supreme Court at Newburgh, in Orange county, for the appointment of a receiver of the property embraced in the mortgage, and Horace Russell and Theodore Houston were there appointed such receivers. After that, on the application of two bondholders who were not parties to the action, an order was obtained requiring the parties to the action and the receivers to show cause at a Special Term of the Supreme Court in New York city why the order appointing the receivers should not be held void, and why some suitable person should not be appointed receiver. That motion was made and granted, and this appeal comes from that order. We are, therefore, required to decide between the two orders. If the first was efficatious and within the jurisdiction and power of the court, then the order appealed from is erroneous, because it can only be sustained on the ground of the absolute invalidity of the first order. The application for it was based on that foundation, and it can stand on no other. It is claimed that the first order appointing the receivers is void, because it contravenes the provisions of section 1 of chapter 378 of the Laws of 1883. The language of that section is this : " Every application hereafter made for the appointment of a receiver of a corporation shall be made at a Special Term of the court held in and for the judicial district in which the principal business office of the corporation was located at the commencement of the action wherein such receiver is appointed, or in and for a county adjoining such district ; and any order appointing a receiver otherwise made shall be void." The principal business office of this railway corporation in question here was located in the first judicial district, and Orange county is in the second ; therefore it is insisted that the order appointing receivers made in Orange county is void under the statute.

We cannot yield assent to the argument. The statute of 1883 relates only to statutory receivers to wind up a corporation and distribute its assets, and who become substantially statutory assignees. The act is entitled "An act in relation to receivers of corporations," and its whole scope and contemplation relates solely to such receivers. It contains nothing in conflict with the general statutes relating to the venue of actions or motions, and only prescribes rules and regulations in relation to receivers of corporations, such as the

courts appoint in actions to close up their affairs.   So viewed, it is in entire harmony with all other statutes and presents no inconsistency. . The venue in this action was properly laid in Orange county, and all motions and applications in the same may be made in that county.   In equity actions, applications for the appointment of receivers are not uncommon, and in actions to foreclose real estate mortgages, where the security is weak or inadequate, the court may appoint a receiver of the income and profits of the property covered by the mortgage, in anticipation of the judgment and sale, and such appointments are made on general principles of equity, independent of all statutes.   That was done in this case by the order made at Newburgh.   The receivers there appointed were not receivers of the corporation, they were simply receivers *pendente lite* of the property embraced in the mortgage, and while it happens in this case that the mortgage comprehends all the property of the company, that is an independent fact which does not affect the principle.   Their appointment has the same effect it would have if the mortgage embraced but half of the property, or covered only a farm of land owned by the company in Orange county.   They were common-law receivers for the protection of the property, simply its custodians; they were clothed with no power to sell it, and they acquired no title to it; they could not close up the affairs of the company or distribute its assets; they simply hold possession of the property and receive the profits to await the final judgment in the action, and abide the order of the court to the end that it may be appropriated in accordance therewith.   An order for the appointment of such a receiver may yet be made, in an action to foreclose a mortgage, in any county where the same is triable, notwithstanding the statute of 1883.

The order should be reversed, with costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Order reversed, with costs and disbursements.